Howry, J.,
delivered the opinion of the court:
This is a motion by' defendants to suppress certain depositions taken on behalf of plaintiff in support of his claim against the United States. The principal grounds alleged are that the depositions were taken before the local attorney for the claimant who, as notary and commissioner, had a direct interest in the result of the suit as an attorney at law; that counsel for defendants was refused permission to freely and fully cross-examine witnesses, and that the taking of the depositions was arbitrarily adjourned from time to time without the consent of counsel for defendants.
*87 It is scarcely necessaiy to do more than say that if either of the two grounds first stated be true, or if the last ground stated appears to have operated to prejudice the interests of the Government, the depositions can not be received. Not only must all the conditions of the statute providing for the taking of the depositions be complied with, but the testimony must come without taint or reasonable suspicion of unfairness in the methods adopted to obtain it. Without full opportunity to cross-examine witnesses injustice may not result, but is so likely to ensue that courts will guard this means of arriving at the truth for opposing interests and are uniformly careful to afford prompt protection if the privilege of cross-examination appears to have met with any unreasonable interference.
The person taking the deposition can not hold the dual character of commissioner with an interest in the result as an attorney in its prosecution, no matter how remote that interest may be.
No court can or ought to be more concerned than this court in the integrity of evidence upon which it must act in the determination of causes. Though possessing the advantage of being entirely free from local influences, its variety of jurisdiction over claims against the Government and the necessity in the great majorit}' of cases to determine issues of fact upon evidence set forth in depositions combine to make it of vital importance that all the safeguards in obtaining evidence be preserved.
The. affidavit- on file relating to the conduct of the officer taking the testimony ivas made by a representative of the Government. Included in the affidavit is a lengthy recital of a controversy between affiant and the commissioner in regard to the refusal of the officer to propound certain cross-interrogatories and of the affiant’s protest against the commissioner’s refusal to do so. There also appears a statement upon information and belief that the commissioner was interested in the case as an attorney upon a percentage of the amount recovered. The source of this information is a judge of probate in the county where the testimony was taken, who was also one of the witnesses. On the face of the papers the commissioner conducted the cross-examination for the claim *88 ant, and no counsel, as such, was present to propound anjr of the interrogatories.
It is urged by the counsel representing claimant that the motion to suppress the depositions is inconsistent because it is averred by defendants that there is no administrator now pushing the prosecution of the claim. If this be so, then the cause is liable to be abated for want of proper prosecution, but it is no answer to the substantial grounds of the motion.
Again, it is said there is not enough in the depositions to justify the motion, even though there may be reasons for its presentation. If this be true, then we are unable to see why testimony so immaterial should be offered to sustain the claim and what objection there may be against sustaining the motion.
Finally, it is conceded that while the depositions should be suppressed if the United States have been prejudiced by the conduct of the commissioner, yet it is argued that no prejudice has been caused to the United States.
Inasmuch as charges under oath affecting the propriety of the action of the commissioner have been made and no denial offered'to any of the charges, and every opportunity has been given for a denial of the statements of the affidavit, we do not think the certificate of the commissioner sufficient to entitle the depositions to be read as evidence. The certificate of the officer certainly does not rebut that charge in the affidavit which relates to his interest as an attorney. This alone is sufficient to exclude the papers transmitted bj7 him.
Fully aware of the inconvenience that litigants may sometimes be subjected to in the suppression of depositions, and of the hardships which may even come to them by sustaining-motions of this character, nevertheless we think sufficient irregularity and probable interest on the part of the officer has been shown to justify the suppression of the depositions, and the motion is therefore sustained.