Booth, J.,
delivered, the opinion of the court:
This is a motion to suppress certain depositions taken on behalf of the claimants herein and filed in this court on December 11, 1905. The reasons therefor' as stated in the motion are as follows:
1. The testimony of each of said witnesses in these depositions was taken down in shorthand and transcribed in typewriting by a-stenographic clerk, in the regular employ of the attorneys for the claimants.
*380 2. The said stenographic clerk, by whom said testimony was taken down and transcribed, was not sworn to truly and correctly take down and transcribe the testimony of said witnesses.
3. The notary public before whom the testimony was taken did not attend throughout the taking of said testimony, as required by rule 68 of the court, but attended and was present only at the time of the administering of the oath to the different witnesses.
4. The said notary public before whom the testimony was taken was herself a stenographer, and was, therefore, herself competent and qualified to stenographically take down and to transcribe said testimony, which being the case, there was no necessity or authority for securing another stenographer to take down and transcribe the testimony, as is allowable under rule 68 of the court, where the,officer before whom the testimony is taken is not a stenographer.
5. The taking of said testimony in the manner and form and under the conditions set forth above was objected to by the attorney representing the Government in the taking of the testimony, which objection was then and there entered in said depositions; and said attorney for the defendants attended and participated in the taking of said .testimony only upon condition and with the understanding that it should be taken subject to such objections, in order that the question of the propriety and legality of the taking of testimony in such manner and form might be brought before the court for its consideration and decision without unnecessarily delaying the trial of the case.
6. It does not appear from the final certificate of the said notary public accompanying said depositions, nor does it otherwise appear, that said testimony was read over to the witnesses and signed by them in the presence of said notary public, as is required by rule 62 of the court.
7. In view of the said notary public not having been present throughout the taking down of the testimony, her certification, in the final certificate accompanying the depositions, that said depositions “ correctly set forth the exact evidence ” taken, necessarily is not based upon her personal knowledge in the matter, as is contemplated by the rules of the court.
The truth of the foregoing allegations is properly supported by the affidavit of the attorney for the defendants, and not traversed as to any material matter by other testimony in the record upon behalf of the claimants.
*381 Rule 62 of this court, relating to the subject of depositions, says:
“ 62. Witnesses must be sworn or affirmed, before any questions are put to them, to tell the truth, the whole truth, and nothing but the truth, relating to the cause in which they are' to testify; and each witness shall then state his name, age, occupation, and place of residence; whether he has any, and, if any( what, interest, direct or indirect, in the claim which is the subject of inquiry; and whether, and- in what degree, he is related to the claimant.
“At the conclusion of the deposition the witness shall state whether he knows of any other matter relative to the claim in question-; and if he does, he shall state it. ■
“ The testimony of the witness when completed shall be read over to him and be signed by him in the presence of the officer.' '
“ In his return the officer must show that the witness was properly sworn or affirmed, and that the answers were taken down in his presence and read over to and signed by the witness.”
The above rules.were adopted and promulgated from time to time by this court in pursuance of sections 3, 5, and 6 of the act of February 24,1855. (10 Stat. L., 613.)
It appears from the testimony in the record that the depositions sought to be suppressed were taken over the objections of defendants’ counsel, duly made and entered of record prior to the taking of the same. That the rules of this court were almost wholly disregarded in the taking of said depositions is substantially admitted, and we are asked to give validity to the same upon the theory that defendants’ attorney, having previously taken part in the adducing of testimony in the same cause, between the same parties, under the same circumstances, without objection, is thereby precluded from attacking them now.
Rulé 47 of this court provides the method of procedure in so far as the production of testimony is concerned: “ Unless the court order a witness to testify orally on the trial the evidence of witnesses must be by deposition.” During the whole period of the court’s existence it has seldom issued an order requiring oral testimony to be produced in a cause. The vast amount of litigation heretofore determined -and the great number of intricate and important cases now pending de *382 pend for decision, so far as the facts are concerned, upon the integrity and absolute verity of depositions filed in the cause. The rules heretofore cited were framed with a view of obtaining uniformity in the production of testimony of this character, and derived as they are from various statutes upon the same subject, are likewise intended to so safeguard the procedure of the parties therein that the court may feel secure in entering orders, decrees, and judgments upon the authority of testimony produced in accordance therewith. In Hacker v. United States (37 C. Cls. R., 87) the court said:
“No court can or ought to be more concerned than this court in the integrity of evidence upon which it must act in the determination of causes. Though possessing the advantage of being entirely free from local influences, its variety of jurisdiction over claims against the-Government and the necessity in the great majority of cases to determine issues of fact upon evidence set forth in depositions combine to make it of vital importance that all the safeguards in obtaining evidence be preserved.”
The importance of strict adherence to the above quotation is of paramount importance to this court. It is not contended but what the depositions here filed are inadmissible according to the positive rules of this court; or had the objection of defendants’ attorney to the manner of their taking been interposed prior to the first taking it would have been effective. Without attacking their integrity, it would hardly be claimed for them that they are admissible under the law. Their admissibilfiy depends solely upon the interposition of defenses based upon the doctrines of waiver and estoppel. As to the four depositions taken at the first hearing without objection upon the part of the defendants’ attorney (as to the validity of which no contest is here made), we think the defense here interposed available; as to the subsequent depositions it is not.. Ample time was afforded the claimant’s attorney after the objection of defendants’ attorney to the irregularities in the procedure to correct the same and fully comply with- the rules of this court before proceeding with the testimony, and having proceeded therewith in the face of the objection, he did so at his own peril.
Waiver is always a question of fact, determinable from *383 all the facts and circumstances surrounding the transaction in hand. To estop the assertion of one’s rights it must distinctly appear that the same were Avaived with full knowledge of Avhat they Avere and Avith intent to Avaive the same. Mere silence does not constitute Avaiver except in that class of cases Avhere the laNv Avill presume waiver from silence irrespective of the party’s actual intent or knowledge. The rule is predicated upon the legal maxim, consensus tollit errorum. Its operation, hoAvever, is not without limitation. It can not be extended so as to include future irregularities and preclude a party from challenging future invasions of his rights under the law. As to the particular transaction Avhere waiver may be successfully invoked, it is effective as to it and all consequences which legitimately flow therefrom.
To hold that the waiver of one’s rights in one irregularity estops his assertion of them as to all future transactions of a similar nature would extend the rule beyond its legal limits and invite aggressions upon public laiv. A court Avill carefully scrutinize the testimony upon which the defense of waiver is founded Avhen'brought to its attention, upon a motion not dilatory in character but going to the substance of the issue, and which, upon its face, discloses a flagrant and admitted disregard of its rules in reference thereto. Motions of this character should always be sustained unless it affirmatively appear to the contrarjr; the burden of establishing waiver rests upon the party asserting the defense. While the integrity of the depositions involved in this motion is not questioned, still it needs no argument to demonstrate that a recognition of their regularity over the objection of the defendants’ attorney Avould be to countenance future practice in this regard Avholly at variance Avith the law and the rules of this court, established to safeguard and protect its orders, judgments, and decrees, involving the rights of innumerable parties and Amst sums of money. As was well said in Evans v. Eaton (7 Wheat., 356):
“No practice, however convenient, can give validity to depositions Avhich are not taken according to laAV, or the rules of the Circuit Court, unless the parties expressly waive the objection, or, by previous consent, agree to have them taken and made evidence.”
*384 It appears from the record that no bad faith is imputed to any of the parties to the case; on the contrary, an express acquittal of any bad faith is distinctly set forth. The motion is based entirely upon the irregularity in procedure. But we can not refrain from expressing our disajjproval of the practice of depositions being taken by persons in the employ of counsel on either side.
The motion to suppress the depositions is sustained.